UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

ROBERT PIERCE,

          Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS,

          Defendant.
_____/

Case No. 2:25–cv–24

Honorable Maarten Vermaat

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis* in a separate order. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 1, PageID.5.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104–134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997).

Service of the complaint on the named defendant is of particular significance in defining a putative defendant's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344,

347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). Section 636(c) provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case[.]" 28 U.S.C. § 636(c). Because the named Defendant has not yet been served, the undersigned concludes that Defendant is not presently a party whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way Defendant is not a party who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from

2

the defendants[; h]owever, because they had not been served, they were not parties to th[e] action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Applying these standards, the Court will dismiss Plaintiff's complaint without prejudice for failure to state a claim.

## Discussion

### I.     Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan. The events about which he complains, however, occurred at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan. Plaintiff names the MDOC as the sole Defendant in this action. (Compl., ECF No. 1, PageID.2.)

In his complaint, Plaintiff alleges:

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

> Chippewa Correctional Facility . . . has me in a hole where the C.O.'s have inmates in the hole telling me 'I'm never going home' including all the staff members on this compound. The C.O.'s and inmates are telling me to 'kill myself' and 'hang myself.' The C.O.'s are harassing me talking about my private parts and calling me 'little dick' numerous times in an attempt to try to make me kill myself and force me to eat poisonous food that they serve me on a daily basis. They're putting freckles all over my body with this stuff in my food telling me 'I'm nothing but a piece of shit.' They're also putting black poisonous flakes in my food, calling me a 'bug' and an 'ant' so I assume it's ant poisoning. They're telling me I have a 'covid pack' coming up referencing to my food. 'Coffee packs' referring to the freckles, 'Birthday' and 'Christmas Packs.' The C.O.'s are telling me 'stabbed' after every tray. They're acting like they're 'stabbing' me with my food trays and 'shooting' me. They're referring to me as a 'dog' because I'm in a cage, basically treating me like the movie Silence of the Lamb. I've put in grievances complaining about the foods and the inhumane treatment here, they're not being answered and they're being rejected. They're bragging about how they 'innocently' locked me up and have inmates in the hole and special victims invading my privacy and every time I pee making sexual comments about my private parts.

(*Id.*, PageID.3.) Plaintiff states that by "invading my privacy," he means that "they have cameras in my cell watching and commenting on everything I do [including that] the inmates watch me while in here." (*Id.*) The complaint states that "[t]hey're also making comments about my next tray by saying 'reloading' and telling me 'cancer is expensive.'" (*Id.*) The complaint states that "[t]hey call themselves 'Haywards.'" (*Id.*) Plaintiff seeks an order awarding damages and compelling Defendant to transfer him out of URF. (*Id.*)

## II.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that

4

is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

### III. Analysis

The complaint does not specifically state the source of law under which Plaintiff intends to proceed. Instead, the complaint states that Plaintiff is being threatened with death or bodily harm, his health is at risk due to food poisoning, and he is being sexually harassed. (*See* Compl. at PageID.3.) Such claims, when sufficiently alleged and under particular circumstances, can arise under the Eighth Amendment to the U.S. Constitution. *See, e.g., Small v. Brock*, 963 F.3d 539, 541–42 (6th Cir. 2020) (holding that death threats, together with brandishing a deadly weapon, can be sufficient to state a claim); *George v. Annis*, No. 1:22–CV–233, 2022 WL 1101598, at *3 (W.D. Mich. Apr. 13, 2022) ("[B]ecause the sexual harassment or abuse of an inmate by a corrections officer can never serve a legitimate penological purpose and may well result in severe physical and psychological harm, such abuse can, in certain circumstances, constitute the 'unnecessary and wanton infliction of pain' forbidden by the Eighth Amendment.") (quoting *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997)); *Foster v. Paralexis*, No. 2:18–11290, 2020 WL 4722426, at *16 (E.D. Mich. Mar. 23, 2020) (reminding that a claim under the Eighth

Amendment for a "serious medical condition is 'a condition of urgency, one that may produce death, degeneration, or extreme pain.'") (quoting *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2nd Cir. 1994)); *but see Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (harassment and verbal abuse do not constitute the type of infliction of pain that the Eighth Amendment prohibits).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Here, Plaintiff names MDOC as the sole Defendant. (*See* Compl., at PageID.1–2.) However, § 1983 expressly requires that a named defendant be a "person." *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Courts have long held that the MDOC is not a "person" within the meaning of § 1983. *See Parker v. Mich. Dep't of Corr.*, 65 F. App'x 922, 923 (6th Cir. 2003) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) and holding that the MDOC is not a "person" for purposes of § 1983). For this reason alone, Plaintiff's complaint fails to state a § 1983 claim for violation of the Eighth Amendment.

Additionally, states and their departments are immune under the Eleventh Amendment from suit in the federal courts unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and in numerous opinions, the United States Court of Appeals for the Sixth Circuit has specifically held that the MDOC is absolutely immune from a § 1983 suit under the Eleventh Amendment. *See*, *e.g.*,

6

*Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013); *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013); *McCoy v. Michigan*, 369 F. App'x 646, 653–54 (6th Cir. 2010).

Accordingly, for all of these reasons, Plaintiff fails to state a claim upon which relief can be granted against Defendant MDOC.

### IV.   Motion for Prison Transfer (ECF No. 4.)

Plaintiff filed his complaint in this action on February 5, 2025. (*See* ECF No. 1.) On February 24, 2025, Plaintiff filed a document that the Court construes as a motion for transfer to a different prison facility. The document references his allegations in the complaint concerning his treatment at URF but notes that he is now at a different facility: ICF. There, Plaintiff contends that he continues to fear for his life and notes that they are forcing him to eat his food. (*See* ECF No. 4.)

Generally, prisoners have no inherent right under the United States Constitution to be housed in a particular prison facility. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Beard v. Livesay*, 798 F.2d 874, 876 (6th Cir. 1986). "In the absence of some extraordinary or compelling reason, this Court denies motions and requests by prisoners to be transferred to different correctional facilities." *Gresham v. Granholm*, No. 2:09–CV–231, 2012 WL 3126781, at *4 (W.D. Mich. July 31, 2012); *see also Salaam v. McKee*, No. 5:05–CV–97, 2006 WL 2590509, at *1 (W.D. Mich. Aug. 2, 2006) (noting that prisoner plaintiffs are not entitled to reside in the prison of their choice, as they have no liberty or property interest in confinement at a particular prison) (collecting cases), *report and recommendation adopted*, No., 2006 WL 2583276 (W.D. Mich. Sept. 7, 2006).

Here, Plaintiff presents no extraordinary or compelling reason for a transfer out of ICF, as he only generally asserts he fears for his life and is being forced to eat. Like his complaint, Plaintiff makes no specific allegations against any officer, nor does he attempt to identify those that he

7

believes are violating his Constitutional rights. If Plaintiff wishes to file a complaint against any ICF officers, he may file a separate complaint identifying the officer(s) and describing the actions taken. Without this, the Court is required to exercise restraint and show due deference to MDOC's decisions concerning its administration and management of the Michigan prison system. *Procunier v. Martinez*, 416 U.S. 396, 404–05 (1974); *Kendrick v. Bland*, 740 F.2d 432, 438 n. 3(6th Cir. 1984). Thus, Plaintiff's motion for transfer (ECF No. 4.) will be denied.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). This dismissal will be without prejudice so that if Plaintiff determines the names or identities of the Correctional Officers or "Staff" described in the complaint, and he wishes to attempt to state claims against any of these individuals, he can file a new action naming those persons and specifically describing their acts. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under § 1983) (citing *Hall v. United States*, 704 F.2d 246, 251 (6th Cir. 1983)).

Plaintiff is further advised that because he has been transferred out of URF, any requests for a transfer from URF due to the alleged conduct of these C.O.'s or Staff would be moot. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (holding that a prisoner-plaintiff's claims for injunctive and declaratory relief became moot when the prisoner was transferred from the prison about which he complained); *Mowatt v. Brown*, No. 89–1955, 1990 WL 59896 (6th Cir. May 9, 1990); *Tate v. Brown*, No. 89–1944, 1990 WL 58403 (6th Cir. May 3, 1990).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

Should Plaintiff appeal this decision, the Court will assess the $605.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610–11.

An order and judgment consistent with this opinion will be entered.

Dated:   March 21, 2025                             /s/ *Maarten Vermaat*
                                                                                        Maarten Vermaat
                                                                                        United States Magistrate Judge